GUSTAVE SANDBERG *vs.* CHRISTINA JOHNSON BERG.

May 26, 1886.

**Judgment by Default—Refusal to Set Aside.**—The refusal of an application to set aside a default, and for leave to answer, *held* not to be an abuse of discretion.

Plaintiff brought this action in the district court for Hennepin county, seeking to have a marriage between himself and the defendant adjudged to be null and void, for the reason that at the time of such marriage the defendant had a former husband living. The summons was served personally, on January 23, 1885. No appearance having been made on the part of the defendant, the action was heard, September 21, 1885, by the court, and on the next day judgment entered in favor of the plaintiff. On December 1, 1885, the defendant obtained an order to show cause why the judgment should not be set aside and vacated, and the defendant allowed to file an answer to the complaint. Defendant appeals from an order by *Young,* J., discharging the order to show cause.

The order to show cause was obtained on affidavits stating that after the service of the summons, the defendant, on January 26, 1885, left a copy of the summons and complaint which had been served on her with Campbell & Beadel, attorneys-at-law, with the request that they should take the proper steps in her defence; that they agreed to do so, and afterwards, and on September 30, 1885, informed her that she had lost her case, that the court had decided adversely to her, and that her defence did not avail her; that she was first informed that

no defence had been made to this action on November 23, 1885; that she does not understand the English language, and is ignorant of the customs and manners of this country, and of the manner in which cases are handled by the courts; and that she has a good defence, on the merits, in that her former husband left her, in 1873, and she has never since heard of him, and also, in that in 1879 the defendant was duly divorced from her former husband by a decree of a court in Sweden, where she then resided. Defendant's proposed answer, and an affidavit of merits by her counsel, accompanied these affidavits. The plaintiff read no counter-affidavits.

*Christiansen & Gjertsen*, for appellant,

*R. L. Penney*, for respondent.

GILFILLAN, C. J. The granting or refusing the application to set aside the default, and for leave to answer, was in the discretion of the court below, and we do not see that there was any abuse of such discretion.

Order affirmed.